UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERRI L. NEWMAN,<br><br>                Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                Defendant. | CASE NO. C17-5018JLR<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

## I. INTRODUCTION

Plaintiff Sherri L. Newman seeks review of the denial of her application for disability insurance benefits. Ms. Newman contends that the Administrative Law Judge ("ALJ") erred in evaluating Ms. Newman's testimony, the lay witness testimony, and the medical evidence in the record, resulting in a residual functional capacity ("RFC") and step-five finding that were unsupported by substantial evidence. (Op. Br. (Dkt. # 18) at 1-2.) Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court REVERSES Defendant Commissioner Nancy A.

ORDER - 1

Berryhill's ("the Commissioner") final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

On October 11, 2013, Ms. Newman protectively filed an application for disability insurance benefits. (Administrative Record ("AR") (Dkt. # 9) at 24.) Ms. Newman's application was denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on April 6, 2015, the ALJ issued a decision finding Ms. Newman not disabled. (*Id.* at 24-47.)

In his decision, the ALJ utilized the five-step disability evaluation process,[1] and the court summarizes the ALJ's findings as follows:

> **Step one:** Ms. Newman has not engaged in substantial gainful activity since October 1, 2012, the amended alleged onset date.
>
> **Step two:** Ms. Newman has the following severe impairments: morbid obesity, degenerative disc disease of the lumbar spine, pancreatitis, borderline personality disorder, anxiety disorder, affective disorder, and cannabis dependence.
>
> **Step three:** Ms. Newman does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[2]
>
> **RFC:** Ms. Newman has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she can occasionally balance, stoop, kneel, crouch, crawl, and climb. Ms. Newman needs to avoid concentrated exposure to vibration and hazards. Ms. Newman can perform simple, repetitive tasks of reasoning level one and two. She can perform jobs that involve no work with the general public. She can have superficial contact with others in the workplace, in that she can work in proximity to others and interact briefly, but would perform better in more solitary work environments.

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Step four**: Ms. Newman is unable to perform any past relevant work.

**Step five**: Because jobs exist in significant numbers in the national economy that Ms. Newman can perform, she has not been disabled from October 1, 2012, through the date of the decision.

(*See id.* at 26-47.) The Appeals Council denied Ms. Newman's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*See id.* at 1-7.)

### III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the court must set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**A.     Evaluation of Ms. Newman's Testimony**

Ms. Newman argues that the ALJ erred in evaluating her subjective complaints regarding the effects of her pancreatitis. (*See* Op. Br. at 12-14.) The court disagrees.

Questions of credibility are solely the responsibility of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The court may not second-guess these credibility determinations. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (internal citation omitted). The ALJ "must identify what testimony is not credible and what evidence

---

[3] The court omits the rest of the procedural history in this matter because it is not relevant to the outcome of this review.

undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Ms. Newman testified that, among several other limitations stemming from her impairments, her pancreatitis forced her to take 15 bathroom breaks per day of up to 10 minutes in duration for each break. (*See* AR at 95-96.) The ALJ discounted Ms. Newman's subjective complaints because, among other reasons, "the fact that [Ms. Newman] stopped working for reasons not related to her alleged physical and mental disorders [was] inconsistent with her alleged onset date of disability." (*See id.* at 40.) An ALJ may discount a claimant's testimony regarding the effects of her impairments when the claimant stopped working for reasons other than disabling impairments. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Ms. Newman's testimony and the medical record indicated that she stopped working in 2011 to take care of her family members. (*See* AR at 61-62, 358, 508.) On October 31, 2012, after her alleged onset date, Ms. Newman told her treatment provider that she felt that she could not regain employment because of her marijuana use. (*See id.* at 358.) Therefore, substantial evidence supported the ALJ's reason for discounting Ms. Newman's subjective complaints.

Ms. Newman argues that the ALJ's reasons for discounting her testimony did not specifically address and were not relevant to her need for excessive bathroom breaks. (*See* Op. Br. at 13.) However, an ALJ is not required to refute each and every allegation

a claimant makes but rather is only "required to make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony.'" *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)). Here, the ALJ provided a clear and convincing reason supported by substantial evidence for discounting Ms. Newman's testimony.

**B.   Evaluation of the Lay Witness Testimony**

Ms. Newman next argues that the ALJ erred by failing to give a germane reason to discount the lay opinion of her husband, Thomas Lloyd. (*See* Op. Br. at 8-10.) The court disagrees.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Mr. Lloyd testified that Ms. Newman was limited in every area of physical and mental functioning, specifically stating that she spends most of the day in bed, cannot lift more than three pounds, cannot be around others, and cannot pay attention for more than 10 minutes. (*See* AR at 233, 278.) The ALJ found Ms. Newman to be limited to light work with additional postural and mental restrictions but discounted Mr. Lloyd's opinion because, among other reasons, it was inconsistent with Ms. Newman's activities. (*See id.* at 38, 45.)

An ALJ may reject lay witness evidence if it is inconsistent with other evidence in the record regarding the claimant's activities. *See Carmickle v. Comm'r, Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Here, the treatment record indicated that Ms. Newman was able to participate in activities such as brushing and caring for her horse, making crafts, grocery shopping, cooking, traveling, and standing and walking for up to two hours during the period of alleged disability. (*See, e.g.*, AR at 957, 1008-09, 1104, 1112, 1118, 1139.) Therefore, substantial evidence supported the ALJ's germane reason for discounting the severity of the limitations to which Mr. Lloyd testified.

C.   **Evaluation of the Medical Evidence**

Ms. Newman also argues that the ALJ erred in evaluating the medical evidence in the record. (*See* Op. Br. at 4-8, 10-12.) Where the medical evidence in the record is not conclusive, resolving questions of credibility and conflicts in the evidence is solely the responsibility of the ALJ. *See Sample*, 694 F.2d at 642. In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ may also draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. Even when a treating or examining physician's opinion is contradicted, that opinion

"can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

1. Janis Lewis, Ph.D.

Ms. Newman argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Janis Lewis, Ph.D. (*See* Op. Br. at 4-8.) The court agrees.

In January 2014, Dr. Lewis examined Ms. Newman and stated that "Ms. Newman would demonstrate very low frustration tolerance and inability to accept negative supervisor feedback" in a work setting. (*See* AR at 513.) The ALJ gave Dr. Lewis's opinion minimal weight because it was based on Ms. Newman's subjective complaints and because Ms. Newman had not sought mental health treatment at the time of the evaluation. (*See id.* at 43-44.) Neither of these reasons is specific, legitimate, and supported by substantial evidence.

First, the ALJ stated that Dr. Lewis relied on Ms. Newman's subjective complaints, which the ALJ found to be incomplete and inconsistent, rather than Dr. Lewis's "unremarkable" objective examination findings. (*See id.* at 43.) However, the normal findings to which the ALJ referred reflected Ms. Newman's cognitive abilities, not her social abilities. (*See id.* at 511-12.) Dr. Lewis's opinion that Ms. Newman would not be able to accept negative supervisor feedback was supported by a review of Ms. Newman's medical history, including psychiatric hospitalization, and clinical observations, such as striking and ill-looking appearance, lack of eye contact, and affect that varied between flat and angry. (*See id.* at 508-11.) "[W]hen an opinion is not more

heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Substantial evidence does not support the ALJ discounting Dr. Lewis's opinion for improperly relying on Ms. Newman's subjective complaints.

The ALJ also discounted Dr. Lewis's opinion because Ms. Newman "had had no treatment for mental health concerns at this time other than her hospitalization for suicidal gesture." (*See* AR at 43-44.) That a claimant "may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of [that] claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ acknowledged that Ms. Newman received treatment for her mental health impairments following Dr. Lewis's examination. (*See* AR at 43.) Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Lewis's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle*, 533 at 1162). Here, because the ALJ improperly discounted Dr. Lewis's opinion in assessing the RFC and

//

found Ms. Newman capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

2. Anita Hoyle, MSW

Ms. Newman further argues that the ALJ erred by failing to give a germane reason supported by substantial evidence to discount the opinion of mental health counselor Anita Hoyle, MSW. (*See* Op. Br. at 10-12.) The court disagrees.

Mental health counselors are "other sources," and their opinions may be given less weight that those of "acceptable medical sources." *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). The ALJ may discount the testimony of such "other sources" if the ALJ "gives reasons germane to each [source] for doing so." *Molina*, 674 F.3d at 1111 (citations omitted).

In March 2015, Ms. Hoyle completed a medical source statement in which she stated that Ms. Newman had severe to extreme symptoms that would make it difficult for her to focus on daily tasks or cope with the stress inherent in interacting with others. (*See* AR at 1206.) The ALJ found Ms. Newman to be limited to light work with additional mental restrictions but discounted Ms. Hoyle's opinion because, among other reasons, it was inconsistent with Ms. Newman's activities. (*See id.* at 38, 44.) An ALJ may discount an other source's testimony if it is inconsistent with evidence in the record regarding the claimant's activities. *See Carmickle*, 533 F.3d at 1164. Here, as described above, many of Ms. Newman's activities are inconsistent with severe to extreme limitations in her ability to focus on tasks or interact with others. *See supra* § III.B.

//

Therefore, the ALJ provided a germane reason supported by substantial evidence to discount the severity of the limitations to which Ms. Hoyle opined.

### D. Remand for Further Proceedings

The court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy" that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, factual issues remain regarding Ms. Newman's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy

//

in light of any additional limitations. Accordingly, the court concludes that remand for further consideration is warranted.

### IV. CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of July, 2017.

JAMES L. ROBART
United States District Judge