# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SHERRI L. NEWMAN,<br><br>                Plaintiff,<br>v.<br><br>NANCY BERRYHILL,<br><br>                Defendant. | CASE NO. C17-5018JLR<br><br>ORDER ON EAJA FEES |

## I. INTRODUCTION

Before the court is Plaintiff Sherri L. Newman's motion for fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Mot. (Dkt. # 24).) Defendant Nancy Berryhill, Acting Commissioner of Social Security ("the Commissioner"), opposes Ms. Newman's motion as untimely. (Resp. (Dkt. # 25).) The court has considered the motion, the parties' submissions in support of and opposition to

//

//

the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion for the reasons set forth below.

## II. BACKGROUND & ANALYSIS

**A.    Procedural Background**

Ms. Newman filed her social security appeal on January 10, 2017. (*See* IFP Mot. (Dkt. # 1); *see also* Compl. (Dkt. # 3).) On July 10, 2017, the court reversed the Commissioner's final decision and remanded the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (7/10/17 Order (Dkt. # 22) at 1-2.) On October 17, 2017, Ms. Newman moved for an award of attorneys' fees, expenses, and costs for attorneys Jeffrey Baird and Elie Halpern. (Mot. at 1.) Ms. Newman argues that she is both a prevailing and an eligible party, the attorneys' fees are reasonable, and the Commissioner's position in the litigation was not substantially justified. (*Id.* at 2-5.)

The Commissioner opposes Ms. Newman's motion, arguing that her application is untimely. (Resp. at 2.) Judgment became final 60 days after July 10, 2017, and Ms. Newman had until 30 days after the judgment—October 10, 2017—to file her EAJA application. (*Id.*); *see also* 28 U.S.C. § 2412(d)(1)(B). Ms. Newman failed to file her application until October 17, 2017. (Resp. at 2; *see also* Mot.) The Commissioner does not argue that her position in the litigation was substantially justified or attack the reasonableness of the requested fees. (*See generally* Resp.)

---

[1] Neither party requests oral argument, and the court determines that oral argument would not help its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1 | Ms. Newman admits that her application is untimely but asks the court to
equitably toll the 30-day period for seeking fees and costs. (Reply (Dkt. # 26) at 2-3.) She states that "new personnel erred in timeliness due to misunderstanding of the statute of limitations," and argues that Mr. Baird, "a contract attorney who produced his own hours on time," should not bear Mr. Halpern's error in filing the application late. (*Id.* at 3; Halpern Decl. (Dkt. # 26-1) at 1 (stating that the law office's "new support person . . . did not know she was late when she sent [Mr. Halpern] the documents to file for EAJA fees" and admitting that Mr. Halpern "did not perform the requisite training" for the support person).) She proposes that the court award only Mr. Baird fees. (Mot. at 3; *see also* Halpern Decl. at 1 ("Mr. Baird will have his fees stripped away if the statute of limitations is strictly followed here.").) In addition, Mr. Halpern states that "[i]n the past year, [he has] had to undergo chemotherapy and radiation for non-Hodgkin's Lymphoma, but that at the time of the due date for filing EAJA fees, [he] cannot say that the chemotherapy or radiation was affecting [his] practice, although [he] may have been overburdened with back work building up during my treatment." (Halpern Decl. at 1.) The court now addresses the motion.

**B.    EAJA Fees, Costs, and Expenses**

A prevailing party may recover attorneys' fees, costs, and expenses in social security appeals unless the Commissioner demonstrates that her litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The claimant is "a 'prevailing party' following a sentence-four remand for further proceedings under 42 U.S.C. § 405(g)."

//

*Norman v. Astrue*, No. 3:11-cv-00854-MA, 2013 WL 141146, at *1 (D. Or. Jan. 11, 2013) (citing *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995)).

Under 28 U.S.C. § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). "[A] successful social security claimant has 30 days to file an EAJA fee application after the 60-day appeal period has expired." *Norman*, 2013 WL 141146, at *1. Although the 30-day requirement is not jurisdictional, *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004), the court must construe strictly the time limits for EAJA fee applications because the EAJA is a waiver of sovereign immunity, *Arulampalam v. Gonzales,* 399 F.3d 1087, 1089 (9th Cir. 2005).

Although the Supreme Court and Ninth Circuit have not explicitly determined whether equitable tolling applies to the 30-day EAJA application deadline, *Scarborough*, 541 U.S. at 421 n.8; *Sanchez v. Astrue*, 273 F. App'x 686, 687 (9th Cir. 2008), other courts have held that it does, *see Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581-83 (6th Cir. 2005); *Souphalith v. Astrue*, No. 06-CV-01410-H (AJB), 2009 WL 35471, at *2 (S.D. Cal. Jan. 5, 2009). To invoke equitable tolling, the claimant must demonstrate that (1) she has pursued her rights diligently and (2) extraordinary circumstances prevented her from timely filing her fee application. "[A] garden variety claim of excusable neglect" is insufficient. *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990); *see Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008). Courts routinely conclude that even if equitable tolling applies to the 30-day deadline, it is inappropriate

when counsel files a late application due to counsel's foreseeable medical issues and calendaring errors. *See Norman*, 2013 WL 141146, at *2 (denying equitable tolling where "the error may have been caused by a disruption in office procedures and counsel's absence from the office due to shoulder surgery"); *Bernal v. Colvin*, No. 1:14-cv-00733-SKO, 2015 WL 4873024, at *1 (E.D. Cal. Aug. 12, 2015) (declining to apply equitable tolling because "a computer calendaring error was responsible" for the untimely application); *Sorrel v. Colvin*, No. 13-cv-04874-SI, 2015 WL 4942154, at *3 (N.D. Cal. Aug. 18, 2015) (concluding that a "miscalculation of the filing date constitutes garden variety excusable neglect"); *Beck v. Astrue*, No. CV 11-01813-PHX-FJM, 2012 WL 3641425, at *1 (D. Ariz. Aug. 24, 2012) (same); *cf. Lane v. Colvin*, No. CV 15-53-BLG-CSO, 2016 WL 5936866, at *2 (D. Mont. Oct. 12, 2016) (applying equitable tolling where counsel suffered "an unanticipated medical emergency).

      Here, even if the court concluded that equitable tolling applies to EAJA fee applications, Ms. Newman has not demonstrated that she pursued her rights diligently or that extraordinary circumstances prevented her counsel from timely filing the application. Rather, the untimeliness stemmed from a misunderstanding of the applicable deadline, and Mr. Halpern's inattention in training his new staff. (*See* Mot. at 3; Halpern Decl. at 1.) These events constitute the kind of "garden variety" claim of excusable neglect that falls short of the equitable tolling threshold. *Irwin*, 498 U.S. at 96. Although the court understands that the untimeliness falls most heavily on Mr. Baird, who did not file the application, Ms. Newman has not demonstrated the two elements necessary to invoke

//

equitable tolling. Therefore, she is not entitled to fees, expenses, and costs under the EAJA.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Newman's motion for EAJA fees, costs, and expenses (Dkt. # 24).

Dated this 8th day of November, 2017.

JAMES L. ROBART
United States District Judge